Fulbright v. Cannefox.

————◄◆◆►————

FULBRIGHT, Respondent, v. CANNEFOX *et al.*, Appellants.

1. Infants can not appear by attorney as parties plaintiff in actions for partition; they must sue by guardian.
2. Judgments rendered in proceedings where infants appear by attorney are not nullities as to them; they are voidable, and may be set aside on terms.
3. It is the duty of the court, in proceedings for partition, to see that all the title of the parties to the suit is conveyed by the judgment. Hence, where in proceedings for partition one of the plaintiffs, an infant, appeared by attorney, and the sheriff afterwards instituted suit on a note given to him by a purchaser at the partition sale, who defended on the ground that the judgment in partition was invalid as to such minor, who had since become of age; *held*, that, before compelling the purchaser to pay the note given for the land purchased at the partition, it would be proper that the question as to the acquiescence of such minor in the partition judgment and sale should be satisfactorily settled.

*Appeal from Greene Circuit Court.*

In the year 1855 proceedings for the partition of the real estate of Joseph Cannefox, deceased, were instituted by his widow and heirs. All the parties to the suit were made parties plaintiff, among others Sarah J. Humphries, a minor daughter of said Cannefox, whose husband had previously died. She appeared by attorney, no guardian being appointed. The court ordered a sale of the property, and upon the sale William J. Cannefox became the purchaser of a portion of the land, and gave his note to the sheriff for $2,080, with Sarah Cannefox and others as securities. This note the sheriff instituted suit upon to the use of the heirs of said Joseph Cannefox. The sheriff's return states that he executed the writ of summons on Sarah Cannefox by "leaving a true copy of the within writ with a white member of the family over the age of fifteen years;" but does not state that the copy was left at the usual place of abode of said Sarah Cannefox. At the return term, March term, 1858, judgment by default was rendered against the defendants. At the same term the defendants moved the court to set aside said judgment on the ground that the defendants thought and believed, when said default was rendered, that William Cannefox, the principal in the note, and the purchaser at the sheriff's sale, would get a good title upon the payment of the note; that since said judgment by default they had ascertained that said partition proceedings were irregular, and that no valid title would pass to said W. Cannefox. The court overruled the motion. At the March term, 1859, said William J. Cannefox moved the court again to be permitted to answer. He set forth that he made no defence and let judgment go by default because he then thought he had no defence, but that he had since learned that the petition for partition was not regular, and that the proceedings were void, inasmuch as there was no party defendant and there were minor plaintiffs. This motion also the court overruled.

At the same term a motion in arrest of judgment was made
on the ground that the sheriff, the plaintiff, was not the real
party in interest.   This motion was overruled.   At the same
term, the defendant Sarah Cannefox moved the court to set
aside the judgment because she received no legal notice of
the commencement of the suit.   This motion was overruled.
Afterwards, and at the same term, the defendants presented
their petition to the court praying a stay of execution.   In
this petition the parties set forth, among other things, that in
the said partition proceedings there were three minor plain-
tiffs, one of whom, Sarah J. Humphries, appeared in person
without guardian.   This petition, on motion, the court over-
ruled at the August term, 1859.

*Orr & Richardson*, for appellants.

I. The court had no jurisdiction of the person of Sarah
Cannefox, she not being served.   The court erred in over-
ruling her motion.   The judgment is void as to her.   The
petition in partition was signed by a minor and therefore the
proceedings are void.   Infants can only appear by guardian
or next friend.   (Thornton v. Thornton, 27 Mo. 302.)   A
sale in partition is a sale by the parties themselves.   A
warranty of title is implied.   (Picot v. Page, 26 Mo. 420.)
The proceedings in partition being so irregular as to make
them void, the purchaser should not be held to pay the
money without getting a title.   The sheriff had no right to
bring suit in his own name.

*Parsons*, for respondent.

I. No meritorious defence was set up in the motion to set
aside the default.   In suits for partition, infants may appear
as parties plaintiff by guardian.   (27 Mo. 305.)   The peti-
tion to stay execution was properly overruled.   It does not
appear that they were not apprised of all the facts relating
to the partition and sale at the time of the purchase.   It
does not appear that they exercised due diligence.

NAPTON, Judge, delivered the opinion of the court.

All the facts which we think necessary to enable the court to make a satisfactory and equitable adjustment of this controversy are not before the court. The main defence, originally set up in the case, undoubtedly proceeded upon grounds which would not now be considered available and which were so determined on the trial. But the case ultimately took another turn, and the principal point finally relied on as a defence to this suit was the infancy of Sarah J. Humphries, one of the parties plaintiff in the partition proceeding, and her appearance by attorney. It was also insisted that one of the defendants in this suit, Sarah Cannefox, was not properly served, and that the default against her should have been set aside for this reason.

In relation to this last point, we think it sufficient to observe that, whether served with notice or not, Sarah Cannefox appeared with the other parties defendant and participated in all the proceedings subsequent to the default. It would be folly to send the case back for this cause alone, as it would only tend to create expense to no purpose. Admitting that the default should have been set aside, yet, as there were repeated continuances, and all the defences which could have been offered previous to the default were heard in fact and tried upon subsequent motions, in which Sarah Cannefox, the party not sued, as well as the other defendants, united, there is evidently no merit in the defence of want of notice.

The main fact relied on to set aside the judgment in this case is that Sarah J. Humphries, one of the minor plaintiffs in the suit for partition, appeared by attorney. There is no question that this makes the judgment in partition voidable, but it does not appear that the party thus appearing by attorney desires to avoid the judgment. In truth, the present action, which is brought by Fulbright for the benefit of all the partitioners upon a note given for the sale of the land

or a portion of it, would seem to indicate an acquiescence on the part of Sarah J. Humphries in the judgment. A court would not permit her to set aside the judgment and at the same time retain the purchase money of the land. Such judgments are not nullities, but may be set aside on terms. (See the case of Gott v. Powell, 30 Mo. ——.) *

But the judgment in partition was, so far as S. J. Cannefox was concerned, undoubtedly liable to be reversed or annulled, and as the court ought to see, in these partition proceedings, that all the title of the parties to the partition suit is conveyed by the judgment, we can see no impropriety in having this matter settled in the suit upon the note, when the point is brought to the attention of the court. It may be that Mrs. Humphries, who is now of age, is willing to make a deed, and thus end all doubt or difficulty on the question. It may be that in some other mode her acquiescence in the judgment could be procured ; and if, as has been suggested, the purchasers are anxious to complete their bargain, provided they can be assured of a good title, the whole matter may be readily settled in the present suit without forcing the purchasers to rely upon a mere implication that the participation of Mrs. Humphries in the present suit is to be regarded as a ratification of the judgment in the partition proceedings. We shall therefore remand the case in order that these questions may be satisfactorily settled before compelling the purchasers to pay the amount of their bonds. Judgment reversed and remanded. The other judges concur.

* This case is still pending upon a motion for a rehearing.