JOHN O'F. FARRAR *et al.,* Respondents, *v.* JAMES H. COMFORT, &C., ADMINISTRATORS OF HOWARD F. CHRISTY, DECEASED, Appellants.

*Partition—Warranty.*—There is an implied warranty between coparceners as to the property allotted in partition; but, *held,* that in this case there had been no partition, and that the lots had not been held in coparcenary. (S. C., Farrar v. Christy's adm'r, 24 Mo. 453, Pt. 3, affirmed.)

*Administration—Limitations.*—A suit against the administrator, upon the agreement recited in a bond of his intestate, is a sufficient exhibition of the plaintiff's demand to save it from the operation of the statute of limitations of three years, although the plaintiff subsequently amend his petition and sue upon the bond for the penalty.

*Appeal from St. Louis Land Court.*

*B. A. Hill,* for appellants.

I. There is no breach of the bond; and if there were, the

plaintiff has received full accord and satisfaction by the charge of the two lots of Howard as advancements in fee.

As to the breach of the bond :

The bond provides for indemnity to Mrs. Sweringen, as heir of William and Martha Christy, under the conditions of the deed of 20th September, 1832, upon the happening of the contingencies mentioned therein.

No contingency has happened, and no contingency could happen, by which Mrs. Sweringen could take anything under the deed of 1832 as heir of William and Martha Christy.

The release of 1842, under case in 24 Mo. 574, conveyed no interest which had arisen, or could arise, under the deed of 1832.

By the deed of 1832, the *other heirs* of William and Martha Christy must take as *purchasers* under the deed, in the character of *the other heirs of William and Martha Christy*, upon the happening of the contingency that Howard and Edmund both die without leaving legal heirs of their bodies.

This limitation upon an indefinite failure of issue was void for uncertainty, and our Supreme Court held that the estates vested in the original tenants in tail, *in cross remainder*, *eo instanti*, as of 20th September, 1832, so that Howard became seized of Edmund's two lots, and Edmund became seized of Howard's two lots.

Our court held "that there was nothing remaining in the grantors of the entail ; their whole estate passed by the deed ; " and so the court holds that the whole estate passed to Edmund and Howard when the deed was made.

Mrs. Sweringen took as heir of Edmund, in 1840—not by reason of any contingency to happen ; not as a *purchaser* under the deed of 1832, but by *descent* as heir of Edmund. (See case, 24 Mo. 472.)

The bond does not provide for any payment for any interest she had inherited from Edmund. It provides for her indemnity for any interest she might take as heir of the grantors in the deed of 1832, under the limitations in that deed. They must take as purchasers under the deed in order

to demand indemnity for a breach of the bond. They can claim nothing as heirs of Edmund.

The only contingency that could happen after 1842, was the death of Howard· without heirs of his body, and this could not affect the estate of the other heirs of William Christy and wife, under the conditions of the deed of 1832.

The condition of this bond *is clear*. The grantees in deed of 1832 were Edmund and Howard. Edmund was dead; his vested remainder, according to the decision of our Supreme Court, had descended to his heirs at law.

This was a *vested remainder* in Howard's two lots. No contingency as to Edmund's dying without issue remained. It was a contingency to happen thereafter, and I do not doubt that the interest supposed to remain under the conditional limitation in favor of the other heirs of William and Martha Christy, by the deed of 1832, by which they were supposed to be capable of taking as *purchasers* under the deed, was *intended to be provided for if Howard died without issue*. As this limitation was void, as no estate could vest under the deed of 1832 in the said other heirs as purchasers, there was no contingency to happen that could affect the interest of Mrs. Sweringen under the deed of 1832 or the bond of 1842.

As to Edmund's vested remainder, it was a fixed interest vested, and not contingent.

The bond and the condition has reference to a future estate that is to come to the heirs of William and Martha Christy, as purchasers under the deed of 1832, if Howard dies without heirs of his body. No such estate can, by any possibility or contingency, pass to said other heirs by virtue of said deed of 1832, or any conditions, contingencies or limitations thereof. (1 Fearn. on Rem., p. 385, 10th ed.)

The recovery for a breach of a bond must be in strict accordance with the condition thereof. (Stanberry v. Morgan, 6 Mon. 308; Howe v. Howe, 10 N. H. 88; Lord Arlington v. Municke, 2 Sand. 411; Liverpool Water Works, 9 East, 507; Bacon's Abr., tit. *Conditions*—Of breach of conditions, p. 311, last American edition.)

II. The said Sweringen and wife were and are concluded by the partition and proceedings therein resulting, in the decree of January 6, 1843.

The parties to the proceedings in equity for the partition of William Christy's real estate, and the adjustment of the advancements, were all the heirs of William Christy, including Edmund, Howard, and Sweringen and wife. After the commencement of the proceedings, Edmund died, and all the other heirs of William Christy were heirs of Edmund in precisely the same proportion, except Martha, the mother, who inherited from her son one eighth of his share.

But the advancements to Edmund were more than his share of the estate of his father, *so there was nothing to be inherited from him.* The whole estate of William Christy was to be divided among the surviving heirs according to their several interests, less the advancements to be charged.

The parties to the decree were therefore the same parties— the surviving heirs of William Christy—when the decree was made.

The parties now before this court are the representatives of Martha J. Sweringen and of Howard Christy, two of the heirs who were parties to the decree and proceedings in partition. The claim in this case, by the representative of Martha J. Sweringen, is for compensation for the alleged contingent interest she had in the same two lots that were charged to Howard Christy as advancements in the partition case and proceedings, that were paid for by Howard Christy to the other heirs, and credited to Mrs. Sweringen to the extent of her share in that partition.

Here, therefore, is mutuality—the same parties, the same subject matter. The decree is, therefore, final and conclusive. It is *rem adjudicatem*, and has been for about twenty years. (See Comyn's Dig., Parcener, 69, p. 226, vol. 5; 4 Cruise, 84, tit. Deed, ch. 6, § 16.)

This is a decree between privies, and is conclusive. (2 Cow. & Hill's Notes to Phillips' ed., p. 920, and cases cited; Greenl. Ev.)

The identity of the subject matter is to be proved by parol. The authorities authorizing the admission of the evidence of Henry S. Geyer are full and conclusive. (2 Cow. & Hill's Notes to Phillips' Ev., pp. 838, 839, and cases cited, and 971–2, *et id.;* 2 Smith's Leading Cases, 668–674; 2 Mo. 154; 5 Mo. 132; 9 Mo. 124; 1 Greenl. § 532; 7 J. J. Marsh. 431; State v. Morton, 18 Mo. 53.) His evidence identifies the two lots as those acted upon by the arbitrators.

The submission to arbitration and the award are equally as conclusive as the decree in chancery. (2 Cow. & Hill's Notes to Phillips' Ev., pp. 840–1, and cases cited.)

These were proceedings *in rem.* Mrs. Sweringen being a *femme covert* is bound by the decree equally as if she were a *femme sole.* (Bradstreet v. Clark, 12 Wend. 602, 670; Martin v. Martin's heirs, 5 Mart., La., N. S., 165; Broussard v. Bernard, 7 La. 216, 223, 4; Com. Dig., tit. Parcener, ch. 9.)

III. The partition is an implied warranty as between coparceners. (Picot's Trustee v. Bogy; Page & Benoist, 26 Mo. 399, 420. See also, Beauchamp v. Venables, 3 Dana, 326; 5 Com. Dig., Parcener, ch. 13, p. 228; 4 Cru. Dig. 84, tit. Deed, ch. 6, § 16.)

The heirs of William Christy took by descent in parcenary. (Stat. 1835, p. 222, tit. Desc. & Dist., ch. 1, § 6, p. 223.)

These proceedings were had in due form, and a decree was finally rendered in January, 1843, and no appeal or writ of error was ever prosecuted. After the expiration of five years, no writ of error could be prosecuted, and the effect of the decree was to conclude all parties to it. (Coke, 187 *a.;* 17 Mo. 1; 5 Watts, 280; 10 Watts, 135; 3 Dana, 321; 1 Tuck. Com. 173; Cooke Eliz. 902; Coke Litt. 173 *b.;* 8 Humph. 256, 287.)

IV. The parties, Sweringen and wife, by accepting the property *allotted to them* on the 3d of January, 1843, in lieu of, and in full satisfaction of, the property charged to Howard Christy as an advancement in the partition in fee, had satisfaction in full of the condition of the bond, which was

to pay them the value of the same lots, for which they received other lots in satisfaction by the decree after execution of bond. (Com. Dig., tit. Condition, L. 2, p. 119, vol. 3; 2 Hilliard, 208; Dyer, 92, Duchess of Kingston's case; 2 Smith's L. C. 670, 657, &c.; 11 Pick. 311; 8 Wend. 1; Bompart v. Roderman, 24 Mo. 385.)

V. The case of Farrar v. Christy's adm'rs, 24 Mo. 470, was decided upon the face of the deed of 1832, and the bond and release of 1842, without any knowledge of the partition record and proceedings. Moreover, the plaintiff in that case had not sued on the bond to recover for the penalty, but upon another agreement; and the point as *to the breach of the bond* was not raised or decided. The judgment was reversed for the reasons stated in the opinion; but the partition record and proceedings show that the questions as to the vesting of these estates and the nature of the title were distinctly raised and passed upon, so as to become *res adjudicata*.

*Dick*, for respondents.

I. The plaintiffs on the decease of Edmund T. Christy became seized of the undivided seventh of the two lots of said Edmund.

This question has been expressly decided in 24 Mo. 453, Farrar v. Christy's adm'rs.

II. The contingency provided for in the bond of October 7, 1842, has happened, and there has been a breach of the condition of the bond according to the intention of the parties.

This precise question was decided in the former action.

The effect of the deed being now declared by the court, and the court having declared, (p. 472,) with reference to this bond and its recitals, that it was agreed that Howard should pay the plaintiffs the value of any interest in the lots they might convey, no question can now be raised as to the construction of the language used.

III. The defence of the statute of limitations does not ap-

ply to this action, because the cause of action arising on this bond was duly exhibited to the defendants within three years.

The record shows that on the 2d February, 1854, an action was begun on the bond, and that this bond was the foundation of it; that it was prosecuted until the 17th March, 1858, when plaintiffs were nonsuited on the trial because of the instructions of the court; on the 28th May, 1858, the cause of action was prosecuted in the present form. On the trial, the record shows that a due exhibition of the bond was made by plaintiffs asking leave in open court to file a special count on the bond and withdrawing the petition as it stood — a proceeding only for the penalty — which leave was refused; (Tevis v. Tevis' adm'r, 23 Mo. 256; Dilborne v. Moorer, 14 Ala. 426;) while it holds in a case like this, that if a plaintiff voluntarily suffers a nonsuit his claim is barred. It further holds, "if, however, the plaintiff suffers a nonsuit under the ruling of the court, * * * * for reasons which are not fatal to the successful prosecution of another action for the same cause, we should think that the first suit, if sufficiently descriptive of the claim, would be regarded as a good presentment. (10 Ala. 24; 1 Porter, 375; 3 Ala. 283.)

The plaintiff Mrs. Sweringen, who, by the record, is a femme covert, is saved from the bar of limitations. (See Code of 1855, p. 152, § 2.) A femme covert saved from limitations may still sue while the saving lasts. (McDowell v. Potter, 8 Barr, 193.) Angell on Limitations, § 195, says, "a person under disability may sue at any time during the disability, as, for instance, a guardian may sue.

IV. Interest on the bond was properly allowed from the commencement of this action. (8 N. H. 493; 1 Gall. 343 — suit on a bond to secure duties to the U. S., Judge Story" allowed interest; 9 Cranch, 109; 2 Mass. 118; 1 Mass. 308; 15 Mass. 154.)

V. The question as to the effect of the partition being a warranty of the title cannot be properly raised in this case. The question in this case is, did the deed of Mrs. Sweringen

of October 7, 1842, convey to Howard any interest in the four lots therein described, and the value of that interest?

The records shows that Mrs. Sweringen, as heir of Edmund, released to Howard lots owned by Edmund. Now Edmund Christy was not a party to the partition suit; his title or interest was not brought into that suit; and as Mrs. Sweringen was a married woman, that suit could not be binding upon her as to any rights of hers descended upon her as heir of Edmund.

VI. The partition suit is no estoppel upon plaintiffs as to Howard's title in the two lots conveyed to him by the deed of 1832.

1. That record shows no facts which constitute an estoppel until helped out by the deposition of Henry S. Geyer.

To aid or supply defects or omissions of a record, as to its effect upon the title of lands by parol evidence, is clearly not permitted. (17 Vt. 422.)

The partition record should show that the question whether or not Howard and Edmund Christy had a fee simple or life estate, was passed upon and determined between the parties. It should show that Edmund Christy's title and rights in the lots in question were passed upon. But the record is silent on these points, and necessarily silent upon the vital question here, namely, Edmund Christy's title; for he was not in court.

VII. The estoppel attempted to be set up in this case should be set out in the answer with the greatest strictness. (Gray v. Pingray, 17 Vt. 422.) Then the court could inspect the record, and determine from the facts it established, and their legal effect, if there was an estoppel.

Where a former trial is relied upon as settling some collateral fact, it must appear by the record that *that fact* was put distinctly in issue. (2 B. & Ald. 668; 8 Conn. 418; Outram v. Morewood, 2 East. 345; Hopkins v. Lee, 6 Wheat. 109; Jackson v. Wood, 3 Wend. 27; Co. Lit. 352; 3 Thomas' Co. Lit. 431–33.)

If the award of the arbitrators and partition proceedings

are evidence that Howard had title to the two lots conveyed to him, then they are also evidence that Edmund had title to the two lots conveyed to him; and the estoppel will as well apply in favor of Edmund's heirs as to his two lots, as it will to the defendants as to the two lots of Howard. If this record establishes anything as to title, it must work both ways.

DRYDEN, Judge, delivered the opinion of the court.

William Christy and wife, by deed dated 20th September, 1832, convey to their two sons, Edmund and Howard, each two lots in severalty, in the city of St. Louis; *habendum* as follows:

" To have and to hold the premises aforesaid, with all the appurtenances thereto belonging, to them and their heirs forever, upon condition that, should either of the grantees herein named die without leaving legal *heirs of their body*, the survivor shall inherit the whole of the property hereby conveyed; and should both grantees die without leaving legal heirs as aforesaid, the property hereby conveyed shall revert to the legal heirs of the said William and Martha Christy."

William Christy died in 1837. Edmund Christy died in 1840, without issue, leaving surviving him seven brothers and sisters, of whom Howard, his co-grantee, was one, and Mrs. Sweringen, one of the plaintiffs, was another. Mrs. Sweringen and the other heirs of William Christy, except Howard, by their quit-claim deed of 7th October, 1842, reciting the making and provisions of the deed of September, 1832, and the death of Edmund without issue, and the agreement of the grantors, heirs of William and Martha Christy, " to relinquish all their *estate* and *expectancy* in said lots to the said Howard F. Christy," granted, released and quit-claimed to said Howard "all our and each of our right, title, interest, estate and expectancy in and to said lots, and each of them."

Contemporaneously with the execution of the quit-claim

deed Howard Christy, with David D. Mitchell and C. J. Schaumburg, his securities, executed to Mrs. Sweringen and her husband a bond in the sum of three thousand dollars, conditioned as follows:

"The condition of the above obligation is such, that whereas William Christy and wife, by their deed bearing date the twentieth day of September, eighteen hundred and thirty-two, now of record in the recorder's office of St. Louis county, in book A, number 2, p. 201 and following, conveyed to Edmund T. Christy and Howard F. Christy certain lots or parcels of ground lying in the city of St. Louis, in block number ninety-one, and more particularly described in said deed, upon certain conditions therein specified; and whereas, upon the happening of certain contingencies in said deed mentioned and contained, the said property, lots and parcels of ground therein specified, would, by the terms of said deed, revert and belong to the heirs of the said grantors in said deed, of whom the said Martha, wife of James T. Sweringen, is one; and whereas the said James T. Sweringen and Martha his wife have, by their deed, made jointly with certain other heirs of the said William Christy and wife, executed to the said Howard F. Christy a release and quit-claim of all such right, title, interest, estate and expectancy in and to said property as they would have been entitled to by virtue of the first mentioned deed, upon the happening of said contingencies, had not said release been executed: — Now, if the said contingency in the first deed mentioned shall happen, whereby the said obligees, or their heirs, would have been entitled by virtue of said first mentioned deed to said property, or any part thereof, or any interest in the same, had not said release been executed, and the said Howard F. Christy, his heirs, executors or administrators, shall well and truly pay to the said James T. Sweringen and Martha his wife, [their] heirs, executors, administrators or assigns, the value at the time of happening of said contingency, of the portion, part or interest which the said Sweringen and wife, their heirs, executors or administrators, would have been en-

titled to in said property in said first deed described, by virtue of said deed, had not the said release been executed, then this obligation shall be void, otherwise shall remain in full force and virtue. [Signed] H. F. Christy (seal). D. D. Mitchell (seal). C. W. Schaumburg (seal)."

In 1853 Howard Christy died, without issue, having previously disposed of the four lots to strangers. Afterwards, in 1854, the plaintiffs (Farrar being assignee of Sweringen, the husband) sued the defendants, the administrators of Howard, on the agreement recited in the bond for the value at the time of Howard's death, of what it was assumed would have been her interest in the four lots under the deed of 1832 but for the release of 1842, and recovered a verdict and judgment for twelve thousand one hundred and seventy-three dollars, from which the defendants appeal to this court.

On the hearing of the case in this court, (Farrar v. Christy's adm'rs, 24 Mo. 453,) the court decided that the legal effect of the deed of 1832 was to vest in Edmund and Howard each a life estate in the lots conveyed to them respect-. ively, and also to vest in each the remainder in fee in the lots of the other ; and so held that on the death of Edmund without issue his remainder in fee, in the two lots conveyed to Howard for life, descended to his brothers and sisters ; and also decided that by the true construction of the contract of 7th October, 1842, the grantors in the quit-claim deed were to "convey their interest in the four lots to Howard, he paying to the plaintiffs the value of any interest in them they might convey, to be ascertained at the death of Howard"— (24 Mo. 472) ; and furthermore, that the plaintiffs were limited in their recovery to the penalty of the bond, and reversed the judgment.

The decision was made after full argument and upon great deliberation, and we will regard it as the law of the case so far as concerns the questions then before the court. After the case went back to the Circuit Court, the plaintiffs amended their petition to conform to the opinion of this court, and

another trial was had, resulting in a verdict and judgment for the plaintiffs for the amount of the penalty of the bond and interest; and the defendants have again appealed to this court. The grounds upon which a reversal is sought are—first, there is no breach of the bond; second, the decree and proceedings in the suit in chancery between the heirs of William Christy for the partition of the estate descended to them operated as a satisfaction and discharge of the subject matter of this suit; and third, the demand is barred by limitation for not having been presented to the administrator of Howard Christy within the first three years of the administration.

1. The point involved in the first ground, i. e., that there is no breach of the bond, was distinctly made by the defendants when the case was here before; and the court, in its construction of the contract of the 7th October, 1842, having then overruled the objection, we will give it no further consideration, but stand by the former decision.

2. On the last trial, the defendants rested upon a defence, not made on the first, based upon the record and procedings in a chancery suit in the St. Louis Circuit Court, prosecuted by Howard Christy and others, part of the heirs of William Christy, against Mrs. Sweringen and others, the remainder of said heirs, for the partition of the landed estate which had descended from said William Christy to his said heirs. In the bill, Howard Christy charged that the two lots acquired by the deed of 1832 had been conveyed to him by his father by way of advancement in life, (stating the limitations and restrictions as in the deed,) and brought them into *hotchpot*, and in the final division of the property he was charged with their value, at the time of the conveyance, as so much received from the estate of his father. The suit was brought in 1839, and the final decree determining all questions concerning advancements, and settling the rights of the several heirs in the property descended, was rendered in 1843, and in pursuance of it the estate was divided, and each heir

went into the possession and held the part assigned him in severalty.

The chancery proceeding is relied upon as a former adjudication of the subject matter of the present action, and as a bar to the plaintiffs' recovery. If the assumption was tenable that the subject of the litigation was the same in both suits, it might be conceded, that, having once been passed upon by a court of competent jurisdiction in a suit between the same parties, the decision ought to be final and a bar to this action. But the identity of the matter in dispute in the two cases cannot be maintained. The first was a suit for the partition of a large landed estate descended to the parties, in which the value of two lots at the time they were conveyed in 1832 to Howard by way of advancement, incidentally arose, there was no averment or issue as to the quantum of Howard's estate in the lots. The second suit involves the question, whether, but for the release of Mrs. Sweringen, she would not have had an interest in the same lots at the death of Howard, and if so, what was the value of that interest at the time of his death in 1853. The facts averred in the chancery suit, whether true or untrue, neither prove nor disprove the existence of the facts necessary to the plaintiffs' recovery in this case.

The defendants further insist that the partition is an implied warranty between the coparceners, by which Mrs. Sweringen is estopped to claim an interest in the property in question. There is an implied warranty between coparceners as to the property partitioned ; but the lots under consideration were not partitioned; they were never held in coparcenary by descent from William Christy, and were not the subject of partition among his heirs. There is, therefore, no warranty in the case.

3. The suit as originally brought, based upon the agreement recited in the bond and not on the bond for the penalty, was a sufficient exhibition of the plaintiffs' demand to save it from the operation of the statute of limitations of three

years from and after the grant of administration to the defendants.

Let the judgment of the Circuit Court be affirmed. The other judges concur.

The counsel for defendants filed a motion for rehearing, which was overruled.