Forder v. Davis.

*Lackland & Martin*, for respondent.

SAMUEL W. FORDER, Appellant, *v.* ROBERT DAVIS, Respondent.

1. *Ejectment — Tenants in common.*—Before one tenant in common can maintain ejectment against his co-tenants on an outstanding title for his own exclusive benefit, he must surrender the common possession (if he has any) to the others, or he must show that the other tenants in common are holding adversely to him.

2. *Partition—Estoppel—Judgment.*—A judgment in partition establishes the title to the land which is the subject of partition, and in an action of ejectment upon an adverse possession, or an adverse title existing at the date of the partition, it is final and conclusive upon all parties to the record, and upon all persons holding under them by title subsequent to the commencement of the suit.

3. *Partition—Tenants in common—Ouster.*—A disseizin, or an actual adverse possession, destroys the unity of possession among tenants in common, and takes away the right of partition, until the title is determined in an action of ejectment.

*Appeal from St. Louis Land Court.*

This was an action of ejectment, commenced in the St. Louis Land Court, at the March term, 1857, to recover lot No. 182, in Carondelet commons, south of the river Des Pères. The defendant, in his answer, denied the title of the plaintiff; and also that he, defendant, had entered into the possession of the lot. At the time of the trial, being the October term, 1863, the defendant, with leave of the court, filed a new answer, setting forth, as a further defence, that the lot in dispute was part of the Martigny tract, which was owned by the plaintiff and defendant and others in common; that, pending the present suit, a suit in partition had been instituted among the tenants in common, and so much of the lot now in controversy as is within the Martigny tract had been alloted to a party other than the plaintiff. The case was tried by the court below as a jury.

On the trial, it was admitted by the defendant that the premises sued for were within the survey of the commons of Carondelet, as surveyed by Joseph C. Brown, in 1834, under the confirmation of said commons by virtue of the act of Congress of June 13th, 1812, § 1; and to show title in plaintiff under said commons, plaintiff read in evidence: 1. A deed from the town of Carondelet for the premises sued for, to W. K. Burnet, dated April 12, 1845; 2. A deed from W. K. Burnet to George Burnet, dated April 5, 1848, for said premises; 3. A deed from George Burnet to Morey T. Andrews, dated June 18, 1851; 4. A deed dated April 9, 1855, from said Andrews to the plaintiff; 5. A deed from the plaintiff to said Andrews, dated October 1, 1859.

The plaintiff then offered evidence tending to prove that defendant was in possession of the premises sued for at the commencement of this suit; and rested his case.

The defendant offered in evidence a confirmation by act of Congress of July 4, 1836, to J. B. Martigny's representatives, for a tract of land of 12 by 40 arpenst, designated as U. S. survey 3119, which includes part of the premises sued

for; outside of which survey it was admitted defendant had neither possession nor claim of title.

Defendant then read deeds showing a derivative title from said Martigny to Joseph Davis, ancestor of defendant, as early as December 9, 1841, for six ninths of said tract.

Defendant then offered evidence tending to prove that under said title said Davis entered into possession of said Martigny tract, claiming title, and that said tract had been possessed by said Davis, and those claiming under said Martigny, from December, 1841, to the time of trial.

Defendant offered evidence tending to prove that so much of the premises sued for as lies within the Martigny survey 3119 was, at the commencement of this suit, in the possession of Mary Davis, widow of said Joseph Davis, and not in the possession of the defendant.

Further, the defendant offered in evidence a record of said Land Court of a suit commenced July 22, 1854, by the plaintiff and others,. claiming title to said Martigny tract, against the defendant and others, heirs of said Joseph Davis, claiming part of said tract, in which suit judgment of partition was rendered, deciding that the parties thereto were entitled to partition; in which suit, commissioners made a report of partition between the parties, to which report exceptions were taken by the defendants and sustained, whereupon said plaintiff dismissed said suit of partition on June 11, 1856.

Defendant then read in evidence the record of said Land Court, No. 39, October term, 1859, of a suit in partition brought by Mary Davis, the defendant, and others, claiming two third parts of said Martigny tract under said Joseph Davis, against said Forder and others, claiming one third of said tract, in which suit said Forder, plaintiff, claimed and proved that he had, prior to the commencement of said partition suit, become the owner of the one entire third of said Martigny tract; and the said Forder in his answer claimed that he had also purchased the outstanding title of the commons of Carondelet to parts of said Martigny tract, and prayed to be

allowed the benefit of the purchase of said outstanding title for lots Nos. 169, 170 and 171 of said commons.

The said suit was commenced in August, 1859; defendant answered October 19, 1859, and judgment of partition was rendered, in which one third of said tract was assigned to Forder, commissioners were appointed, the report of commissioners was confirmed, and the parties to said suit paid their respective shares of the costs. The land sued for was not assigned to the plaintiff or defendant.

Defendant also showed in evidence that plaintiff and others, under the Martigny title, were in the year 1848, and have since remained, in actual possession of the eastern portion of said Martigny tract, claiming title to one third of said tract under said Martigny, and that he had 130 acres of said tract under fence.

Defendant called Dr. Hill, one of the commissioners in partition in the last mentioned suit, who, upon cross-examination, stated that Forder claimed before the commissioners that he owned the outstanding title of Carondelet to lots 169, 170 and 171, and that in the partition the land embraced in said lots 169, 170 and 171 was in fact assigned to said Forder, the plaintiff, in the report of partition, but they did not regard the title to said lots in the partition. This was all the evidence in the case.

The defendant prayed the court to declare as matter of law, that by reason of the proceedings and judgment in said partition suits aforesaid, and the tenancy in common of said parties, the plaintiff was precluded from maintaining his action of ejectment for land embraced in said partition, and allotted to parties other than the plaintiff. The court did so decide. To this decision of the court the plaintiff duly excepted. Judgment being given for the defendant, and a motion for new trial overruled, the plaintiff appealed.

*R. M. Field*, for appellant.

I. From the date of the deed by Forder to Andrews, Octo-

ber 1, 1859, the present suit was prosecuted in behalf of Andrews, and he became and is the substantial plaintiff—Leg. Acts, Feb. 28, 1859.

II. Andrews was no party to the proceedings in partition, and was in no manner affected by them.

III. If it be objected that the deed to Andrews was made after the commencement of the partition suit, and so falls under the maxim *pendente lite, nihil innovetur*, the answer is that the partition suit was commenced after the present action of ejectment, and the maxim just quoted works in favor of the plaintiff rather than against him.

IV. But the proceedings in partition could have no effect even against Forder, the nominal plaintiff, as to the land in controversy, for various reasons :

1. A judgment in partition is no bar unless the title is distinctly put in issue, or necessarily decided—Colton v. Smith, 11 Pick. 311. It is manifest from the pleadings that the partition had no reference to any other than the Martigny title; besides, it was proved by Dr. Hill, one of the commissioners, that in the partition no regard was had to the Carondelet title.

2. To draw in question the Carondelet title, the City of Carondelet was a necessary party ; for Carondelet had only granted a leasehold, and the fee simple still remained in the city.

3. The adversary titles under Martigny and under Carondelet could not be settled in a partition suit ; for the holders of those titles respectively were different persons. This was decided in Lambert v. Blumenthal, 26 Mo. 471.

*Whittelsey*, for respondent.

I. In a partition between tenants in common, there is a warranty of title as between said tenants in common that the parties have title to the land divided, and as against each other such tenants in common are estopped from denying the validity of the title—Picot v. Page, 26 Mo. 420; Van

Horne v. Fonda, 5 J. Ch. R. 406; Rector v. Waugh, 17 Mo. 13; Vasquez v. Ewing, 24 Mo. 31; 3 Dana, 326.

II. One who takes possession under a deed which makes him a tenant in common with others, cannot as against them set up an outstanding title—Braintree v. Battles, 6 Vt. 395; Phelan v. Kelly, 25 Wend. 389; Jackson v. Streeter, 5 Cow. 529; Jackson v. Hinman, 10 J. R. 292; Jones v. Stanton, 11 Mo. 433; Lee v. Fox, 6 Dana, 171; Spitts v. Wells, 18 Mo. 468; see notes to Keech v. Sandford, 1 Wh. & Tud. L. C. 65, Am. ed. 74; Margar v. Herrick, 21 Ills. 481; Page v. Webster, 8 Mich. 263. The outstanding title bought by one tenant in common enures to the benefit of all—Lloyd v. Lynch, 28 Pa. 419; Gassam v. Donaldson, 18 B. Mon. 230; Picot v. Paige, 26 Mo. 398. Consequently, the plaintiff having obtained the benefit of the partition, cannot now turn round and deny its validity in an action of ejectment, while he retains for himself all the benefits of such partition, for that would not be equitable. He holds his own share, and seeks further to procure his co-tenants' share. He blows hot and cold at the same time. The court rightly determined the equities as between the parties.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment for the lot No. 182 of the Carondelet commons south of the river Des Pères. The suit was commenced in the St. Louis Land Court in January, 1857; and in November, 1863, there was a trial, and judgment for the defendant. An amended answer of the defendant, filed in October, 1863, denied the unlawful entering and withholding of the premises from the plaintiff, or that he was entitled to the possession, and set up as a defence a judgment in partition in a suit which had been commenced in said court in August, 1859, returnable to the October term of that year, in which the plaintiff here was a party defendant, and filed his answer at that term on the 19th day of October, and there was a trial and final judgment of partition

between the parties thereto (the defendant here also being one), claiming as tenants in common a larger tract of land, by a title derived under a confirmation to one Martigny, which included the land in controversy in this case. When the partition suit was commenced, the plaintiff Forder held an outstanding claim of title to this lot, under the town of Carondelet, as a part of the Carondelet commons : but the larger tract, including this lot, was held in possession by the tenants in common under the Martigny title; and the plaintiff here, after the commencement of the partition suit, and before filing his answer therein, conveyed away this outstanding title to a stranger, who still held the same adversely, so far as appears, at the time of the trial of this case. The plaintiff offered evidence tending to show that the defendant was in possession of the premises at the commencement of this suit, and the defendant gave evidence tending to prove that he was not in possession.

It appeared in evidence that the parties had claimed the larger tract as tenants in common under the confirmation to Martigny, and held the actual possession of the same under that title. But the plaintiff here having acquired the outstanding Common titles to three lots situated within this tract, these were allotted to him, at his instance as a party defendant in the partition, as part of his portion ; but this fourth lot (182), the land in controversy, had not been considered in the partition. He now claims that this outstanding Commons title was not adjudicated upon in the partition suit, and that he is entitled to recover the possession thereof in this ejectment, though the land appears to have been allotted to one of the co-tenants as part of his portion. The position assumed is, that it was only the Martigny title that was divided in the partition, and not this of the Commons ; and, in effect, that it was not the land, but the particular title, that was the subject of this partition.

The defendant put in evidence a transcript of the record of a partition suit, previously brought by this plaintiff against his co-tenants for a partition of this same larger tract, held in

common under the Martigny title, which, after judgment given for a partition to be made, was dismissed by the plaintiff. We suppose the object of this was to show that the plaintiff had claimed possession as a tenant in common with the rest under that title, and that he did not pretend to hold title adversely to his co-tenants. It was not conclusively proved that the defendant was in possession of the premises sued for at the commencement of this suit, holding adversely to the plaintiff. That was a matter for the jury, and the verdict was for the defendant. The evidence showed that the actual possession was held by the tenants in common, with that unity of possession which gives a right of partition. The defendant was not holding possession adversely to the plaintiff here; nor did the plaintiff claim that he had ever been in the actual possession of the lot in controversy, holding adversely to his co-tenants. Now, before one tenant in common can maintain ejectment against his co-tenants, on an outstanding title, for his own exclusive benefit, he must surrender the common possession (if he has any) to the others, or he must show that the other tenants in common are holding adversely to him. A disseizin, or an actual adverse possession, destroys the unity of possession among the tenants in common, and takes away the right of partition—Phelan v. Kelly, 25 Wend. 389; 4 Kent's Com. 380, n. (c.) An ouster by either would put the other co-tenants to their legal remedy by ejectment. The possession of the other co-tenants, without such ouster, would be his own possession as well. The former partition suit having been dismissed before this ejectment was commenced, the record of that suit would not exclude the possibility of his having taken an adverse possession afterwards of the land sued for, and we do not see that it was entitled to much weight. For some purposes, the mere fact of bringing an action of ejectment might be considered as an assertion of an adverse title and right of possession. The fact of adverse possession was matter of evidence, and the verdict seems to have found that there was none.

The judgment of partition establishes the title to the land which is the subject of the partition, and, in an action of ejectment upon an adverse possession, or an adverse title existing at the date of the partition, it is final and conclusive at law upon all the parties to the record, and on all persons holding under them afterwards—Clapp v. Bromagham, 9 Cow. 569. The statute requires that the petition shall. set forth the rights and titles of all parties interested in the premises sought to be divided, and of all persons having, upon any contingency, a beneficial interest therein, present or expectant. It requires the court to ascertain by evidence, by confession, or by verdict, and to declare the rights, titles, and interests of the petitioners and defendants ; and the final judgment, that the partition be firm and effectual forever, is made binding and conclusive on all parties to the proceedings, and their representatives, and on all those claiming under them by right derived after the commencement of the suit. This was the common law form of judgment in partition—2 Greenl. Crui. Dig. 378. It provides further, that if it shall appear that there are parties claiming the same portion adversely to each other, the court may decide upon such adverse claims, or, in its discretion, direct such share to be allotted subject to such claims ; and there can be no doubt, that if any party defendant wholly denied the tenancy in common, and claimed the land adversely to the plaintiffs, he could so answer, and if that issue were found for him, it would entirely defeat the partition as against him. When the title or possession is held adversely, that matter must first be settled, either in the partition suit, when it can be done under the statute, or by an action of ejectment, before a partition can be had, either at law or in equity—4 Kent, 365 ; 2 Greenl. Crui. Dig. 379. It is only when lands are held in joint tenancy, tenancy in common, or co-parcenary, that a partition will lie under the statute or at common law ; and unless such holding be averred and established, there is an end of the partition—R. C. 1855, p. 1110, § 1.

The plaintiff might have asserted his adverse title in the partition suit, or pleaded it in bar, and, if decided against him, he had his remedy by appeal or writ of error. The judgment must be taken as conclusive here, that no such defence was made, or that, if made, it was decided against him. Not having asserted his adverse claims there, they were wholly barred at law. In Spitts v. Wells, 18 Mo. 471, it was even held that an equitable claim for improvements, which might have been asserted in the partition suit, and was not, was barred beyond relief. It constituted a part of the subject of partition, and the rights and titles of the parties therein were to be ascertained and declared by the court. The whole right and title of the parties in that subject matter were put in issue, and were necessarily decided upon as between them, and all holding under them afterwards.

It can scarcely be necessary to observe, that parties only, and those holding under them after the commencement of the suit, are bound by the partition ; and where, as in Colton v. Smith, 11 Pick. 311, a mortgagee, or one holding under the mortgagee, is not made a party, he will not be concluded. The question of his title not being in issue, it is not necessarily decided. But parties whose rights and titles are put in issue, and must be ascertained and declared before partition can be made, are conclusively bound. The court has full power to investigate them, and it is the duty of the court to see that they are correctly ascertained and declared, and that the whole title shall be conveyed by the judgment in partition—Owsley v. Smith, 14 Mo. 153 ; Fulbright v. Canefox, 30 Mo. 425. But where the right or title claimed in a particular lot is not the identical subject-matter that was directly in issue on the pleadings between the same parties, the judgment will not be a bar against other persons claiming such right or title in the lot—Farrar v. Christy, 33 Mo. 44.

It is not clear what real benefit it would be to this plaintiff if he could recover here ; for he would unquestionably

be bound by the warranty implied in the partition as to the subject divided therein, the land itself, in respect to which there was a common title, and that unity of possession and right of partition, which belonged to the parties co-tenants in common thereof.  It is said that there was no warranty in partition at common law among joint tenants and tenants in common, as in the case of co-parceners, until after the statute 31 Hen. 8; but under that statute, which is part of the common law adopted in this State, there was a warranty, by virtue of which tenants in common, making partition, were bound to deraign the warranty paramount; that is, we suppose, make good to each other the common title to the subject of the partition ; and if it failed in any part by reason of paramount title, the losing party became entitled to contribution from the others, when that title was asserted by another—Rawle on Cov. Tit. 471.   There being no covenant, there could be no action at law; but there would be an effective remedy in equity to enforce a contribution among all the parties for the reimbursement of the one that had lost his portion—Sanger v. Cator, 8 Humph. 256.   There would seem to be scarcely less justice in compelling this plaintiff, who forebore to assert his right when he might and ought to have done it, (if he ever intended to do it,) when the partition was made, to take upon himself the whole contribution.   Such would be the simple effect of holding this partition here to be a conclusive bar to this claim.   He owned that claim when he became a party to the partition, and he is seeking to assert it here against his co-tenant, in violation of this warranty.   It would have made no difference if that claim had been conveyed back to him before the trial of this ejectment ; for it has been held, in equity, upon just principles and very satisfactory reasoning, that no party to a partition can be permitted to assert an adverse title for the purpose of ousting another party from the portion allotted to him in the same partition, whether it be acquired before or after the partition is made —Venable v. Beauchamp, 3 Dana, 324.   This would be so,

at least, in equity ; and if the matter rested on this alone, the plaintiff might be entitled to recover in ejectment, if there were nothing else to prevent it, and the defendant would be put to his remedy in equity, on a petition framed with that view.

But the matter does not rest here. It is true, the defendant did not own this adverse title at the date of the trial and judgment in the partition suit; nor was it made a special subject of consideration in making the allotments in partition ; but it appears by the record that he was the owner of it when the suit was commenced, and until some three weeks before he filed his answer to the partition suit. It does not appear on what day the process was served upon him, but it is stated the suit was commenced in August, 1859, and his conveyance was made on the first day of October following. It was conveyed, then, after the proceedings were commenced against him. Now the statute expressly declares that the partition shall be binding and conclusive upon all the parties, and on all those holding under them " by right derived after the commencement of the proceedings "—R. C. 1855, p. 1115, § 26. We decide nothing here, now, concerning the rights of any stranger to the partition, or of any person not a party thereto. But in reference to this plaintiff, we think this judgment operates as a bar against him at law, not only in respect of the estate and title which he then had, but in respect of any title which he might thereafter acquire. There is here no covenant of warranty by deed ; but there is such a thing as an estoppel *in pais*, and by matter of record, which, like an estoppel by deed, may have the effect to pass an after-acquired title, by operation of law. The partition establishes the title, severs the unity of possession, and gives to each party an absolute possession of his portion. A partition is sometimes altogether the act of the parties rather than the act of the law. This binding and conclusive judgment is, in its very nature, very much like the old livery of seizin under a feoffment, which was matter *in pais*, or like a fine, or a com-

mon recovery, which was matter of record, and these ancient assurances were of that solemnity and high character, that that they not only passed an actual estate, and devested what title the party then had, but operated by way of estoppel to pass all future estate and possibility of right which he might thereafter acquire—Shep. Touch. 2–6, 204–6; Rawle on Cov. Tit. 402; and we see no good reason why this solemn judgment in partition, which the statute declares shall be firm and effectual forever, should not be allowed to have the same operation against all parties to the record.

The result is, that at the date of the trial of this action, the plaintiff had no title or right to the possession of the land sued for, on which he could recover; but as the partition, as well as his conveyance of his title, was subsequent to the commencement of this suit, it does not follow that he had no title or right of possession at that date. But before the trial, his right had ceased to exist by his own act. In such case, the verdict is to be rendered according to the fact, and the plaintiff would, on that alone, be entitled to recover only for damages and costs—R. C. 1855, p. 693, § 14.

The instruction told the jury, in effect, that the plaintiff was not entitled to recover possession of the land embraced within the partition; and there was a verdict for the defendant on the issues, whereby the fact must have been found, that the defendant had not been in possession of the premises, holding adversely, at the commencement of the suit; otherwise the verdict should have been for the plaintiff for the damages and costs. We think the verdict was sustained by the evidence, and that the instruction was properly given.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace not sitting.