ELLISON TOWNSEND, ADM'R, etc., Respondent, *v.* CALVIN COX *et al.*, Appellants.

1. *Judgment — Infants — Guardian ad litem — Void and voidable judgment.* A judgment against an infant, who appears by attorney and not by guardian, although irregular and reversible on error, is merely voidable, and not absolutely void, so as to enable defendant to successfully resist a subsequent action upon it.

*Appeal from Fifth District Court.*

*Heren*, for appellants.

A judgment rendered against an infant defendant, who appeared by attorney and without a guardian, is an error of fact, and

the infant can avoid such judgment at any time, even after his majority, when it is attempted to be enforced against him, by pleading the fact of his infancy at the rendition of the judgment. (6 Cow. 50 ; 14 Johns. 416 ; 15 Johns. 533 ; Dewitt v. Post, 11 Johns. 458 ; 17 Mo. 441 ; Graham's Prac. 746.)

*Kelly, Bassett & Van Waters*, for respondent.

I. The judgment sued on was not void, but voidable. (30 Mo. 425 ; 38 Mo. 349, 353 ; Porter v. Robinson, 3 Marsh., Ky., 254 ; 6 Dana, 88.)

II. If the defendant in the judgment, with a full knowledge of the judgment, permits an unreasonable time to elapse without taking any steps to correct the error or avoid judgment, he will be regarded as acquiescing in it, and such laches will preclude him from avoiding it. (Kemp v. Cook, 18 Md. 130 ; 22 U. S. Dig. 317.)

WAGNER, Judge, delivered the opinion of the court.

The respondent's intestate recovered a judgment, on the 5th day of November, 1853, in the Andrew County Circuit Court, against the appellants for the sum of one thousand dollars damages in an action of trespass *vi et armis*. The defendants were duly served with process, and appeared and defended the action by attorney. This action was brought upon that judgment, returnable to the October term, 1869. The defense set up in the answer in this case was that at the time the judgment was rendered, the defendant, Calvin Cox, was a minor under the age of twenty-one years ; that he appeared by attorney, and not by guardian ; and therefore the judgment was a nullity. The Circuit Court gave judgment for the plaintiff, which was affirmed by an equal division in the District Court.

The record clearly shows that at the time the judgment was rendered, in 1853, Calvin Cox was a minor in his twentieth year, and that he appeared and defended by attorney, no guardian having been appointed for him. The only question to determine, therefore, is whether the judgment was absolutely void, or whether it was merely erroneous and voidable.

It is insisted that aside from the error in the proceeding, the judgment being to the infant's detriment, it was wholly void for that reason. Perhaps no subject in the whole range of the law has been more involved in contradiction and doubt than that in respect to the void and voidable acts of infants. The rule has been laid down by some courts that a contract clearly beneficial is binding upon an infant, and that one clearly prejudicial is void, and that such as may be either beneficial or injurious are voidable. In other courts this doctrine has been declared unsatisfactory and liable to exceptions, and Chancellor Kent says it must be admitted that the tendency of the modern decisions is in favor of the reasonableness and policy of a very liberal extension of the rule that the acts and contracts of infants should be deemed voidable only and subject to their election when they become of age, either to affirm or disavow them. (2 Kent's Com., 10th ed., 268.)

The foundation of the suit in which the judgment was given was a matter for which the infant was responsible, for an infant, equally with an adult, is liable for his frauds and torts; but the appearance was irregular, and the judgment would unquestionably have been reversible on error. A judgment rendered against an infant, appearing by attorney, may be set aside or recalled. (Powell v. Gott, 13 Mo. 458; Randalls v. Wilson, 24 Mo. 761.) In Powell v. Gott, *ubi supra*, it was held that a judgment against an infant defendant, who appeared by attorney, might be set aside upon motion made after the infant had arrived at age. In that case the judgment was rendered in 1841, and the motion to set aside was made in 1847. The court said that there was no limitation to be found in our statute book to a proceeding to correct a judgment of law founded upon an error of fact. But in all the cases which I have examined, where the infant has availed himself of his privilege, the proceeding was either by prosecuting his writ of error, or by a direct motion to set aside or recall the judgment.

Judge Napton, in Fulbright v. Cannefox, 30 Mo. 425, in speaking on the subject of judgments against infants where there was an appearance by attorney, says: " Such judgments are not

nullities, but may be set aside on terms." And it is the conceded and established rule that all judicial acts against an infant, as judgment and decrees, without a guardian *ad litem*, are not void, but are voidable or confirmable at the option of the infant. (Austin v. Charlestown Female Seminary, 8 Metc. 196; Bloom v. Burdick, 1 Hill, 131;. Barber v. Graves, 18 Verm. 292; Porter v. Robinson, 3 A. K. Marsh. 253; Beeler v. Bullitt, *id*. 280; Allison v. Taylor, 6 Dana, 87; Bourne v. Simpson, 9 B. Monr. 454; Kemp v. Cook, 18 Md. 130; Swan v. Horton, 1 Gray, 179.)

In the present case the judgment has been in existence about fifteen years since the defendant has attained his majority, and yet no proceedings have been taken to have it reversed, set aside, or vacated. Judgment records are of high solemnity, and both law and public policy require that they should be enforced unless their invalidity is most palpable. To enable a party to successfully defend against a judgment, the judgment must be void. Though a judgment is voidable, still that will not prevent a recovery on it whilst it remains in force. To prevent its operation, proceedings must be prosecuted to reverse or set it aside. (Fithian v. Monks, 43 Mo. 503.)

I think the judgment of the court below should be affirmed. The other judges concur.