*H. P. Thornton*, for the defendant.

May Term, 1840.

LEASE
*v.*
CARR.

---

LEASE and Others *v.* CARR.

| 5b 353 |
|--------|
| 140 426 |

| 5b 353 |
|--------|
| 148 487 |

A petition for partition of real estate should show the nature and extent of the interest of the petitioner in the land, and that he held it in common with the defendants, whose interests should also be stated if known to the petitioner.

Where the defendants in such case do not appear, the petitioner, to justify the appointment of commissioners to divide the land, should show his title to the Court, and prove that the defendants are common proprietors with him of the land.

The decree for a partition should declare the petitioner's proportion of the land; and it should also establish the rights of the other parties in the same, unless it appear that proof of their rights was not in the power of the petitioner.

The commissioners in such case should be directed to divide the land according to the decree, and to deliver and assign to each party his share.

The provision of the statute regulating the practice in chancery, that when the complainant does not know all the heirs, he may proceed against those unknown as well as the others, is applicable to cases of petition for partition.

ERROR to the *Clark* Circuit Court.

*Thursday,
July 2.*

DEWEY, J.—The defendant in error caused a notice, addressed to *George Lease* and the unknown heirs of *William Lease*, the plaintiffs in error, to be published in the *New-Albany Gazette*, a newspaper printed in *New-Albany* in the county of *Floyd*, that he would apply to the Circuit Court of *Clark* county, for the appointment of commissioners to make partition between himself and the heirs of *William Lease*, deceased, of a certain tract of land situate in the latter county—of an undivided moiety of which he claimed to be the owner. Having made proof of due publication of the notice, he petitioned the Court " to appoint three disinterested freeholders, residents of the county of *Clark*, to make partition of the land mentioned in said notice between

VOL. V.—45

May Term, 1840.

Lease
v.
Carr.

himself and the said defendants." Three commissioners were accordingly appointed "to divide said real estate between the said parties according to the statute in such case made and provided;" and they were directed to make report of their proceedings, &c. The commissioners reported that they had set off to the petitioner one-half of the designated tract of land by metes and bounds, "that being in their opinion what he was entitled to as claiming the equal and undivided moiety of said tract of land." No objection having been made, the report was approved and confirmed by the Court, and ordered to be "recorded, and thereafter deemed and taken to be a division of said land among the parties aforesaid." There was no appearance by any of the defendants, nor was any evidence given by the petitioner of his title, or that he held the land in common with the defendants. To reverse the order of the Circuit Court appointing the commissioners, and the judgment affirming their report, this writ of error is prosecuted.

The proceedings in this case were instituted under the act "to provide for the partition of real estate." The provisions of this statute are very general and vague. They authorize any two or more persons, who are proprietors of real estate, to apply to the Circuit Court of the county within which the estate may be situate, (notice of the intention to make such application having been previously given, at least four weeks, in some newspaper in the state,) to appoint three commissioners to divide such estate. The commissioners, or any two of them, having taken the prescribed oath, are "to make division of said estate as directed by the Court among the owners and proprietors thereof according to their respective rights." R. C. 1831, p. 387.—R. S. 1838, p. 426.

In making this law, doubtless, the legislature designed to give a more summary and simple remedy respecting partition among common owners of land, than existed before its passage; but as they have omitted to specify the form or substance of the petition or application for a division, which the statute authorizes, we apprehend they intended the proceedings under it, so far as regards the case to be made out by the petitioner, and the action of the Court upon that case, should be governed by principles and rules already known and established.

By the common law, coparceners can compel a division of their land by writ of partition—whence they derive their name; and by statutes passed in the reign of *Hen.* 8, joint tenants and tenants in common have the same privilege. Both the writ and the declaration must state that the plaintiff and defendant hold together and undivided the land sought to be divided; 2 Sell. Pr. 310, 313; and if default be made, or the title of the plaintiff be denied, he must establish it by proof. 2 Sell. Pr. 314.—*Halton* v. *Thanet*, 2 Blacks. Rep. 1134, 1159. If the plaintiff prevail, there are two judgments; the first, that partition be made between the parties, &c., and that the sheriff cause the land to be divided into as many parts as the case may require, and to be delivered and assigned to each party (naming him) his respective part to be holden to him and his heirs in severalty. Upon this judgment, the writ *de facienda partitione* issues to the sheriff, and upon his return showing the manner of his executing it agreeably to the first judgment, the second and final judgment is rendered "that the aforesaid partition be holden firm and effectual forever." 2 Sell. Pr. 315, 319.

But the more usual mode of enforcing partition in *England* now, is by resort to the Courts of equity. It is essential that the title of the plaintiff should be set out in the bill of complaint, and shown to the Court. The rights of the parties are declared by the decree which orders a partition; or the master is directed to ascertain the rights and shares of the parties—which having been done and reported—a partition is decreed, and a commission to divide the estate issues; but the commissioners have no power to ascertain the rights of the parties, nor the proportions to which they are entitled. 1 Smith's Ch. Pr. 477, 478.—*Miller* v. *Warmington*, 1 J. & W. 464.—*Cartwright* v. *Pultney*, 2 Atk. 380.

Tested by these principles, the petition or application for a partition in this case is obviously defective; and the order or decree appointing the commissioners, and investing them with power to divide the land in question between the parties "agreeably to the statute in such case made and provided," is clearly erroneous. The petition should have shown the nature and extent of the interest of the petitioner in the land, and that he held it in common with the defendants; it

should also have stated their interest in the premises so far as it was known to the petitioner. On these points the petition is silent. It merely requests the appointment of commissioners to divide the land designated in the notice, between the petitioner and *George Lease* and the unknown heirs of *William Lease*, deceased. As there was no appearance by any of the defendants, the title of the petitioner should have been shown to the Court, and proof made that the defendants were common proprietors with him of the land, to justify the appointment of commissioners; and the Court should have declared the proportion of the petitioner, and also have established the rights of the other parties, unless they had been satisfied that proof of such rights was not in the power of the petitioner. The decree, having thus ascertained the rights and proportions of the parties, the commissioners should have been directed to divide the land accordingly, and *to* deliver and assign to each party his share; they should have had no discretionary power to judge of the provisions of the statute.

This view of the matter is greatly strengthened by a reference to the 2d section of the statute, which provides, that if the real estate held in common is so situated as not to be susceptible of an equitable partition, and the commissioners shall so report, the Court shall order the whole, or that part which cannot be so divided, to be sold; and on partition of a part of it being made "to any portion or number of the proprietors thereof, such proprietors shall release of record in Court all claim to the residue and undivided portion of the land, and the proceeds thereof, to the residue of the proprietors." R. C. 1831, p. 388.—R. S. 1838, p. 426. The purchasers under this provision of the statute would run great risk, were it not incumbent upon the petitioner to set forth and prove a title to the land before he can procure an order of sale. As the act directs the Court to decree a sale upon the report of the commissioners, without any additional proof on the part of the petitioner, we conceive the law contemplates that he shall establish title to the premises before the appointment of the commissioners. In this respect, the statutory proceeding under consideration is analogous to a bill in chancery for partition, the decree in which presupposes a

conveyance of title. 1 Smith's Ch. Pr. 479.— 1 J. & W. 473.

It has been objected to the legality of the proceedings in this case, that a part of the defendants are unknown heirs. This objection, we think, cannot be sustained. The provision of the statute regulating the practice in chancery, that when the complainant does not know all the heirs, he may proceed against those unknown, as well as the known, we conceive to be applicable to cases of petition for partition. R. S. 1838, p. 443.

*Per Curiam.*—The order appointing the commissioners, and the decree affirming their report, are reversed, and the proceedings subsequent to the proof of publication set aside, with costs. Cause remanded, &c.

*H. P. Thornton*, for the plaintiffs.
*J. Morrison*, for the defendant.