The Midland Railway Company *v.* Galey.

No. 16,911.

THE MIDLAND RAILWAY COMPANY *v.* GALEY.

NEW TRIAL.—*As of Right.—Damages for Appropriation of Land for Right of Way.—Railroad.*—In an action by a land-owner for damages for land appropriated for right of way, that being the only issue, a new trial as of right is not demandable.

RAILROAD.—*New Company Succeeding to Rights of Old.—Liability for Burdens of Old Company.*—A new railroad company, which succeeds to the rights and privileges of the old company, can not divest itself of the burdens of the old company, among which are damages for appropriation of land for right of way.

From the Fountain Circuit Court.

*W. R. Crawford* and *H. Crawford,* for appellant.
*Hurley & Clodfelter,* for appellee.

HOWARD, J.—This was a proceeding for the assessment of damages for the taking of land for a railroad right of way, brought by the appellee as land-owner against the appellant railway company, under section 917, R. S. 1894 (section 905, R. S. 1881), and succeeding sections.

On the return of the writ of assessment of damages, appellant filed its exceptions thereto, averring that, at the time of the application for the writ, the appellant company was the owner of the easement or right of way in question, free of any lien for damages; that the strip of ground had been taken and appropriated for railroad purposes long prior to that date, pleading the statute of limitations; that in 1874, when the right of way was appropriated the land was owned by one David W. Galey, who at the time gave a license to the Anderson, Lebanon and St. Louis Railroad Company to enter upon and appropriate the same; that in 1876 said Anderson, Lebanon and St. Louis Railroad Company, having partially com-

pleted its said railroad track, mortgaged the same to procure a loan; but being unable to pay its mortgage the same was foreclosed, and the appellant, in 1885, became the purchaser of the said right of way, free from the debts or liabilities of the said Anderson, Lebanon and St. Louis Railroad Company. The exceptions also averred that the damages were excessive.

The appellee also filed exceptions to the assessment of damages, as being too low.

The appellee then replied to the appellant's exceptions by a general denial, and also by special paragraphs. In the special paragraphs, it is admitted that, in 1874, the said David W. Galey was the owner of the land in question; that the said Anderson, Lebanon and St. Louis Railroad Company then procured from said David W. Galey a written contract by which it agreed to give to him a sum then fixed upon for the said right of way, and to build certain fences and make other improvements agreed upon, and thereupon said Anderson, Lebanon and St. Louis Railroad Company partly constructed a grade and roadbed upon and across said land, when the said company became insolvent and abandoned said right of way, ceasing all work, and neglecting and refusing to pay to said David W. Galey any part of the compensation or to make any of the improvements agreed upon; that thereupon, in 1875, the said David W. Galey, with the full knowledge of said insolvent railroad company, re-entered upon and occupied said real estate, and said grade and roadbed, and resumed full and complete possession of the same, and fenced the same in with his fields and pastures, and so continued to use and occupy the same until the said land was purchased from him by this appellee; that after the said David W. Galey had so re-entered upon said real estate and resumed possession thereof, the said Ander-

son, Lebanon and St. Louis Railroad Company mortgaged its right of way and other possessions, including all its choses in action, which mortgage was foreclosed, and the mortgaged estate purchased by the appellant company, substantially as set out in appellant's exceptions; that neither the said Anderson, Lebanon and St. Louis Railroad Company, nor the appellant company ever paid to appellee the compensation agreed upon nor any part thereof; nor did either of said companies ever perform any part or portion of the conditions agreed upon, and all consideration to appellee for his said land remains wholly unpaid; that the appellant railroad company at the time it made its purchase of said right of way under said foreclosure proceedings had full knowledge of all said facts, and then well knew that the said David W. Galey had re-entered upon and resumed possession of said roadbed and right of way on said land, and that he had sold said land to appellee, and put appellee in possession thereof, and that the consideration of said agreement was wholly unpaid and wholly unperformed. It is also averred that the appellant, in 1889, when appellee was in full and complete possession of said land, against the objection and protest of appellee, entered upon said land and built its said railroad track across appellee's said land.

Other pleadings were filed, and after various changes of venue the cause was submitted to a jury, who rendered a verdict awarding damages for the right of way so taken and appropriated. The only error assigned on this appeal is that the court erred in overruling appellant's motion for a new trial as of right.

This assignment of error is based on the claim by appellant that the title to real estate was involved in the proceedings. From the abstract of the complaint and exceptions and replies above set out, it is very clear that

the title to real estate, if at all, was only incidentally involved.

Appellee made no claim to the strip of land covered by the right of way, but expressly alleged that the same had been taken and appropriated for a railroad right of way. Damages only were sought by the proceeding, and by the statute under which the action was brought, only damages could be recovered. The action was neither for possession of, nor to quiet title to, land.

Appellant's claim that it is the owner by appropriation of the strip of land in question is not controverted by appellee. Appellee does, however, claim that his land was taken without compensation, and this appellant does not deny, but claims that its purchase of the right of way of the Anderson, Lebanon and St. Louis Railroad Company's railroad and franchises at foreclosure gave to it the land in question freed from any lien.

The contrary to this has been expressly decided. A man's land can not be taken from him without compensation. The new railroad company which succeeds to the rights and privileges of the old company can not divest itself of the burdens.

In *Chicago, etc., R. W. Co.* v. *Hall,* 135 Ind. 91, a case very much like the case at bar, it was said: "The new company is enjoying the easement under the conditions of the old company, and the benefits and burdens incident to its use are inseparable."

There is no question here as to the title to the right of way in question over appellee's land. Appellee could not recover that land, even if he desired to do so; but he does not ask it; he asks only for compensation in damages, and to this he is entitled. A new trial as of right is not demandable in such a case.

The judgment is affirmed.

Filed Feb. 20, 1895.

## ON PETITION FOR A REHEARING.

HOWARD, C. J.—Counsel for appellant, as we think, misapprehend the issue involved in this case. The only assignment of error is that the court overruled the motion for a new trial as of right. Such new trial as of right is granted in case of ejectment, to quiet title, and in partition when the title to real estate is in issue.

While it is true that the form of the issues is immaterial, provided only the title to real estate is involved, (*Bisel* v. *Tucker*, 121 Ind. 249,) yet the fact that the title is an incident to the action does not give the losing party a new trial as of right. Accordingly, it has been held that a new trial as of right will not be awarded in actions to recover damages for the obstruction of an easement in real estate; *Larrimore* v. *Williams*, 30 Ind. 18; nor in actions to set aside fraudulent conveyances, or for the specific performance of contracts in relation to real estate; *Truitt* v. *Truitt*, 37 Ind. 514; nor in actions to enforce mortgage or other liens thereon; *Williams* v. *Thames, etc., Co.*, 105 Ind. 420; nor in proceedings by an administrator to sell lands to pay debts; *Fralich, Admr.*, v. *Moore*, 123 Ind. 75.

In the case at bar the appellee instituted proceedings under the statute to recover damages for the appropriation of real estate for appellant's right of way, as set forth in the principal opinion. Appellant and appellee filed exceptions to the writ of assessment, and appellee filed a reply to the exceptions of appellant. But there was no cross-complaint nor any other pleading seeking to quiet title or for any affirmative relief putting the title to the strip of land in issue. On the contrary, appellee expressly admitted the appropriation for right of way and claimed only damages under the statute. Nor does appellant anywhere, either in the pleadings or in

the briefs, claim that the agreed consideration was paid, or that any compensation was ever made to the landowner for the right of way so taken. The question between the parties and before the court was as to damages under the statute for the taking of the real estate. The title of the company to its right of way, whether properly acquired or not, was not in dispute. No new trial as of right could therefore have been awarded.

The petition is overruled.

Filed May 27, 1895.