## FORDICE ET AL. *v.* LLOYD ET AL.

[No. 3,798. Filed May 7, 1901. Rehearing denied October 10, 1901.]

NEW TRIAL AS OF RIGHT.—*Partition.—Title.*—Where in a partition proceeding there is no affirmative allegation either in the complaint or answer that the title or possession of either of the parties was hostile or adverse, and there is no demand for possession, or that the title be quieted, the title to the real estate is at most only incidentally involved, and in such case a new trial as of right, under §1076 Burns 1901, is not demandable.

From Pike Circuit Court; *J. K. Marsh,* Special Judge.

Action by John B. Lloyd and others against George Fordice and others for partition. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*T. J. Terhune, O. P. Mahan* and *I. M. Kelsey,* for appellants.

*S. R. Artman* and *W. R. Gardiner,* for appellees.

Wiley, J.—Appellee Lloyd brought an action against appellant and others for the partition of real estate. His petition or complaint was in three paragraphs, but as no question is raised as to its sufficiency, it is unnecessary to state even an abstract of its averments. Three of the defendants below were defaulted, and as they refused to join in the appeal are made appellees. All the other defendants (appellants here) answered by denial. Upon the issue thus joined, the cause was submitted to the court for trial, resulting in a general finding for appellee Lloyd that he was the owner in fee of the undivided one-half interest in value of the real estate described in the complaint; that the defendants, appellants and three appellees, defaulted, were the owners of the other undivided one-half interest in said real estate, and that he was entitled to have partitioned and set off to him in severalty, his interest therein. Upon this finding, the court appointed commissioners in accordance with the provisions of the statute, to make partition. Such commissioners made their report, partitioning the real estate, setting off to appellee Lloyd in severalty his interest, and to appellants and the other appellees their interests jointly, and in their report specifically described the lands so partitioned. The court approved and confirmed the report of the commissioners, and judgment was entered accordingly. The appellants moved for a new trial, as of right, under the provisions of §1076 Burns 1901, §1064 Horner 1897, and filed their undertaking with sureties, which was approved. This motion was overruled, and such ruling is the only error assigned.

It is insisted on behalf of appellants in argument, that the title to real estate was directly in issue, and hence they were entitled to a new trial as of right. It must be conceded that if the title was in issue, appellants' position is well grounded. It is a settled rule of law in this jurisdiction that the title to real estate is not ordinarily in issue in proceedings for partition. *Davis* v. *Lennen,* 125 Ind. 185. It

is equally well settled that the title to real estate in such proceedings may be put in issue. *Isbell* v. *Stewart,* 125 Ind. 112; *McMahan* v. *Newcomer,* 82 Ind. 565, and cases cited; *Luntz* v. *Greve,* 102 Ind. 173; *Thorp* v. *Hanes,* 107 Ind. 324; *Watson* v. *Camper,* 119 Ind. 60.

The complaint avers that "the plaintiff and the defendants are the owners as tenants in common" of the real estate described therein. It also avers the interest that each has. The prayer of the complaint is that the "plaintiff be declared the owner of the undivided one-half of said real estate, and that he have partition of the same, and that the undivided one-half in value be set off to him, and that the undivided one-half thereof in value  *  *  *  be set off to the defendants", etc.

The first paragraph of complaint alleges in general terms the ownership of the lands and the interests of the parties. It also states the source of the defendants' (appellants') title, to wit, as heirs of one Nelson Fordice, deceased. Each of the other paragraphs avers the same facts as to ownership, states the source of defendants' title the same as the first, and states the source of appellee Lloyd's title, to wit, by purchase from said Fordice, deceased. Neither paragraph of complaint contains any allegation that the defendants deny appellee's right as declared therein. There is no allegation that there is any dispute as to the interests of the parties and no facts are alleged which show that there is any dispute or adverse claims to appellee's interest.

As above stated, the answer was a denial. Upon the facts averred in the complaint and the issue tendered by the answer in denial, we are inclined to the view that the question of title is not raised. A case very similar in character so far as the complaint and answer go is one cited and relied upon by appellants, viz., *Gullett* v. *Miller,* 106 Ind. 75. A brief statement from the opinion will show that the case is not with appellants. The court say: "On the 19th day of March, 1881, the appellee, Ruth Miller, commenced an

action against the appellant, Gullett, in the court below, to obtain the partition of certain real estate, particularly described, in Orange county. In her complaint in such action appellee alleged that she and Gullett were tenants in common, and each was the owner of an undivided one-half of such real estate, setting forth how and from whom she and Gullett derived their respective titles to their undivided interests in such real estate, and demanding judgment that her share thereof be set off and assigned to her in severalty, and for all other proper relief. Gullett answered her complaint by a denial of 'each and every material allegation therein contained.' " And further the court said: "If, in the case in hand, either the appellee or appellant had alleged affirmatively that the title or possession of the other to or of the real estate, whereof partition was sought, was hostile or adverse to his or her claim thereto, and had demanded judgment for possession, or that his or her title might be quieted, then it might be held, under our decisions, that an application for a new trial, as a matter of right, ought to have been granted." In the case in hand, as in the case just cited, there is no affirmative allegation either in the complaint or answer that the title or possession of either of the parties was hostile or adverse; there is no demand for possession, or that the title be quieted. Again on p. 78, *supra,* the court said: "But, as we have seen, the appellee sought merely that her share of the real estate might be set off to her in severalty, and did not claim either the possession thereof, or that her title thereto might be quieted; and appellant's only pleading was simply a general denial of the allegations of appellee's complaint. In such a case we have often held that the losing party is not entitled to a new trial, as a matter of right," etc., citing *Harness* v. *Harness,* 49 Ind. 384; *McFerran* v. *McFerran,* 69 Ind. 29; *Pipes* v. *Hobbs,* 83 Ind. 43; *Butler University* v. *Conard,* 94 Ind. 353.

True the complaint before us alleges ownership of an

undivided one-half interest in appellee in the land in controversy. This fact does not raise the question of title, and the complaint to be good had to aver that the appellee was an owner of an interest in the land, otherwise he would not be entitled to partition; for before a party is entitled to partition of real estate, he must aver that he has some interest in it, so such interest can be set off to him. See *Brown* v. *Brown,* 133 Ind. 476. The complaint must show a *prima facie* right to partition. *Luntz* v. *Greve,* 102 Ind. 173.

It seems clear to us that though the second and third paragraphs of complaint state the source of appellee's title, and allege facts showing his ownership, such facts do not put the question of title in issue, as argued by appellants. In the case last cited, the source of title was stated in the complaint, and the answer was a general denial. In the course of the opinion, Elliott, J., speaking for the court said: "If the plaintiff does not elect to put the title in issue and the defendant does, it is then not only proper but necessary to plead it specially by way of answer or counterclaim. If the defendant desires an adjudication upon the question of title, he must plead facts tendering that issue, for, if he contents himself with a mere denial, he does no more than controvert the plaintiff's right to partition, and, in that event, the only matter conclusively adjudicated is the right to a division of the land." The rule there announced is directly in point here, and is of controlling influence.

A decree in partition does not create any new title. It is not necessarily the province of a proceeding for partition to establish or quiet title, but simply to make division of the land. While it is true in partition proceedings title may be put in issue and determined under proper pleadings, yet if this is not done, the title, as between the parties to the proceedings, is left where it was. Of the many cases so holding, we cite the following: *Fleenor* v. *Driskill,* 97 Ind. 27; *Kenney* v. *Phillipy,* 91 Ind. 511; *Miller* v. *Noble,* 86 Ind.

527; *Utterback* v. *Terhune,* 75 Ind. 363; *Avery* v. *Akins,* 74 Ind. 283; *Teter* v. *Clayton,* 71 Ind. 237; *Haskett* v. *Maxey,* 134 Ind. 182; *Stephenson* v. *Boody,* 139 Ind. 60; *Finley* v. *Cathcart,* 149 Ind. 470, 63 Am. St. 292.

Under the pleadings, the title to real estate is, at most, only incidentally involved, and in such case a new trial as of right is not demandable. *Richwine* v. *Church,* 135 Ind. 80; *Roeder* v. *Keller,* 135 Ind. 692; *Davis* v. *Cleveland, etc., R. Co.,* 140 Ind. 468; *Midland R. Co.* v. *Galey,* 141 Ind. 483.

In the case in hand, the complaint is silent as to the question of title; possession is not demanded, nor adverse possession alleged, and it is not averred that appellants were claiming or asserting title adverse to appellee. Following the complaint, the judgment is silent upon the questions of title and possession. It is simply decreed that the respective parties have an interest in the real estate, and that appellee was entitled to have his interest set off to him in severalty.

In all the authorities cited by appellants which are in point, the question of title was put in issue by the pleadings and adjudicated. These authorities are not controlling here, because the title is not in issue. The court correctly overruled the motion for a new trial as of right.

Judgment affirmed.