## SAUER *v.* SCHENCK ET AL.

[No. 19,586. Filed May 27, 1902. Rehearing denied October 30, 1902.]

PARTITION.— *Complaint.— Advancement to One of Several Heirs.*—In a proceeding for the partition of real estate among heirs, an averment in the complaint that there had been advanced to one of the defendants his full share of the estate, does not put in issue the title of such heir in the common property. *pp. 375, 376.*

SAME.—*Partition Among Heirs.—When Title in Issue.*—In proceedings for the partition of real estate among heirs, no question of title among the partitioners is settled by the decree dividing the property, unless pleadings are specially formed putting the title in issue. *p. 376.*

From Vanderburgh Circuit Court; *H. A. Mattison,* Judge.

Proceedings supplemental to execution by Dina Sauer against Eberhardt P. Schenck and others. From a judg-

ment for defendants, plaintiff appeals.   Transferred from Appellate Court, under §1337u Burns 1901.   *Affirmed.*

*W. W. Ireland,* for appellant.

*J. W. Spencer* and *J. R. Brill,* for appellees.

HADLEY, J.—Joseph Schenck died the owner of real estate in Vanderburgh county leaving children, appellant, and appellees, Eberhardt P., Joseph, and Frank Schenck and three others as his only heirs at law.

On July 26, 1898, appellant and her sister Elizabeth Marx, instituted in the Vanderburgh Circuit Court against the appellees herein their suit for partition of the lands inherited from their deceased father; the plaintiffs alleging that they and the defendants, except Eberhardt P. Schenck, were the owners of the land as tenants in common, and each entitled to an undivided one-sixth thereof in severalty; that the defendant Eberhardt P. Schenck had been advanced by his father his full share of the estate.   The record does not disclose whether the defendants, or either of them, filed an answer; but such proceedings were had that the court found and decreed that each of the plaintiffs and defendants was the owner and entitled to a share equal in value to one-seventh of the whole, and ordered that the plaintiffs have set off to each of them, in severalty, her share.   Certain described parcels were set off to the plaintiffs to have and to hold in severalty and the "remainder of said lands" set apart to the five defendants, including Eberhardt P. Schenck as their five-sevenths in value, without partition.   Pending the partition suit, to wit, August 27, 1898, Eberhardt P. Schenck conveyed to his brothers, Joseph and Frank, by quitclaim deed, all of his right, title, and interest, being the undivided one-seventh of the described lands; the expressed intention being "to convey to said grantees all the right, title, and interest of the said Eberhardt P. Schenck in and to the estate real and personal of his father," as one of the heirs at law, for the sum of

$900. It does not appear from the record whether this conveyance was made before or after the order of partition. It was, however, made before the filing and confirmation of the report of partition. On April 25, 1899, appellant recovered a judgment against her brother Eberhardt, and issued execution thereon May 4, 1899, which was returned *nulla bona* May 10, 1899. This proceeding is supplemental to execution issued on said judgment upon affidavit that Joseph and Frank Schenck, appellees, have in their possession, and claim ownership to, certain described real estate which is the property of Eberhardt P. Schenck, which appellant prays may be subjected to sale for payment of her judgment. Finding and judgment for appellees. The only error assigned is the overruling of appellant's motion for a new trial.

The real question for decision is the conclusiveness of the partition proceeding upon the title and ownership of the inherited interest of Eberhardt P. Schenck in his father's estate, and arises upon the admission in evidence of his deed purporting to convey that interest to his brothers. Without basis therefor in the record, the argument on both sides assumes that the conveyance in question was executed before the interlocutory order of partition was made; the appellant contending that the decretal order of partition was an adjudication of Eberhardt's title and ownership upon the facts as they existed at the time the decree was entered, and is therefore conclusive, and, being subsequent to the alleged conveyance, the deed was improperly admitted in evidence to impeach the decree, while, on the other hand, appellees insist that the title of Eberhardt was not called in question by any pleading or issue in the partition action and was not therefore either established or overthrown.

It will be borne in mind that the judgment invoked by appellant was rendered in an ordinary action for partition. The complaint was in the usual form, alleging the common source of title, and common equal interests of plaintiffs and

defendants as children of the decedent, and praying that the plaintiffs' shares be parted from the others, and set off to them in severalty. It is true that it is averred that Eberhardt P. Schenck had been advanced his full share of the estate, and that the remaining lands should be divided among the other six heirs; but this averment went only to the question of whether or not Eberhardt had already in possession his one-seventh part of the estate, and in no wise questioned his or any one else's right or title in the common property of the estate. It is well settled in this State that when the question in the case is simply one of dividing the common estate inherited from the ancestor, no question of title among the partitioners is settled by the decree. Issues may be formed in such cases in the usual way, and titles established and quieted among the parties; but in the absence of such issues there can be no adjudication beyond a division of the property. *Luntz* v. *Greve,* 102 Ind. 173; *Blake* v. *Minkner,* 136 Ind. 418, 425; *Finley* v. *Cathcart,* 149 Ind. 470, 63 Am. St. 292; *Thompson* v. *Henry,* 153 Ind. 56; *Fordice* v. *Lloyd,* 27 Ind. App. 414. In this case it is not shown that the title of Eberhardt was in issue, and we can not presume that it was. *Goss* v. *Wallace,* 140 Ind. 541; *Green* v. *Brown,* 146 Ind. 1, 9.

There is no pretense that the conveyance of Eberhardt to his brothers, Joseph and Frank, was fraudulent, or for less than full value. It was accomplished eight months before appellant recovered her judgment against Eberhardt, and hence no lien had attached. The deed to appellees, Joseph and Frank Schenck, was properly admitted in evidence as tending to prove their ownership, and that the land conveyed thereby was not subject to sale for payment of appellant's judgment.

The decision of the court is sustained by the evidence, and is not contrary to law. The motion for a new trial was correctly overruled. Judgment affirmed.